Filed 5/9/14  In re Guerrero CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re FREDDY GUERRERO<br><br>   on Habeas Corpus. | G049960<br><br>(Super. Ct. No. 10NF1477)<br><br>O P I N I O N |

Original proceedings; petition for a writ of habeas corpus to file a timely notice of appeal.  Petition granted.

Appellate Defenders, Inc., Michelle Rogers for Petitioner.

Kamala D. Harris, Attorney General, and Julie L. Garland, Assistant Attorney General for Respondent.

\*        \*        \*

THE COURT: *

Freddy Guerrero seeks relief from the failure to file a timely notice of appeal. The petition is granted.

After a jury trial, Freddy Guerrero was convicted of carrying a firearm during the commission of a street gang crime and being a prohibited person owning ammunition. The trial court found true two enhancements for participating in a criminal street gang and Guerrero was sentenced to 15 years in prison. According to Guerrero's declaration, he advised counsel at the sentencing hearing on Friday December 13, 2013, that he wanted to appeal the judgment. According to Guerrero, trial counsel explained that he would file the notice of appeal the following Monday "and [he] relied on counsel to do so."

On February 13, 2014, counsel filed a notice of appeal in G049687. On February 25, 2014, this court filed an order in case No. G049687 stating the court is considering dismissing the notice of appeal on the basis that the notice of appeal was not filed within 60 days from the date of judgment. (Cal. Rules of Court, rule 8.308.) Guerrero was invited to file points and authorities to explain why the appeal should not be dismissed and he failed to do so. Instead, he filed this petition for writ of habeas corpus seeking relief from the failure to file a timely notice of appeal. According to Guerrero, he did not learn of the untimely notice of appeal until contacted by Appellate Defenders, Inc.

According to trial counsel's declaration, he did "not have a clear recollection of the events leading up to filing Mr. Guerrero's notice of appeal," but after determining that Guerrero's case merited an appeal, he relied on his assistant to file the notice of appeal. The notice of appeal was filed two days after the 60 day deadline and

---

* Before Aronson, Acting P. J., Ikola, J., and Thompson, J.

2

according to counsel's declaration, "[s]omething must have gone astray between [ ] signing the notice and then handing it to [the] assistant to be filed."

The principle of constructive filing of the notice of appeal should be applied in situations where a criminal defendant asks trial counsel to file a notice of appeal on his behalf and counsel fails to do so in accordance with the law. (*In re Benoit* (1973) 10 Cal.3d 72, 87-88.) This is because a trial attorney who has been asked to file a notice of appeal on behalf of a client has a duty to file a proper notice of appeal, or tell the client how to file it himself. In this case Guerrero's reasonable reliance on the promise of trial counsel to file a timely notice of appeal entitles him to the relief requested.

The Attorney General does not oppose Guerrero's request for relief without the issuance of an order to show cause. (*People v. Romero* (1994) 8 Cal.4th 728.)

The petition is granted. The stay previously issued in case No. G049687 is DISSOLVED. Further proceedings, including the preparation of the record on appeal in case No. G049687, are to be conducted according to the applicable rules of court. In the interest of justice, the opinion in this matter is deemed final as to this court forthwith.